UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Randall Edwin Latimer, #135007, | ) | C/A No. 6:10-721-JFA-WMC |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | **Report and Recommendation** |
| Warden, Perry Correctional Institution, | ) | |
| Respondent. | ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 has been submitted to the Court *pro se* by a state prison inmate.[1] Petitioner is currently incarcerated at Perry Correctional Institution, serving a life sentence on a first-degree burglary conviction and sentence that were entered in Greenville County on April 15, 1986.

Petitioner's initial § 2254 petition addressing this conviction and sentence was filed in this Court in Civil Action No. 6:97-3739-JFA. Unfortunately for Petitioner, he failed to properly prosecute that initial petition by failing to respond to a *Roseboro* order issued by the Court on January 29, 1998, after the respondent filed a motion for summary judgment. Petitioner's failure to respond to the order resulted in a dismissal of the initial petition *with prejudice* under Federal Rule of Civil Procedure 41(b). A subsequently filed second § 2254 petition was summarily dismissed on April 4, 2003 in Civil Action No. 6:03-490-JFA *without prejudice* for lack of exhaustion of state remedies (failure to appeal an unsuccessful post-conviction relief (PCR) judgment). The report and recommendation issued in that case does not contain any discussion of the effect of the previous dismissal *with prejudice*. The grounds for relief raised in that petition

---

[1] Pursuant to 28 U.S.C. §636(b)(1)(B), and D.S.C. Civ. R. 73.02(B)(2)(c), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See also* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

were essentially the same as those Petitioner now attempts to raise again in a third § 2254 Petition: involuntary guilty plea, double jeopardy violation, and ineffective assistance of counsel related to both issues.  It appears from both the petition in the 2003 case and from the Petition submitted in this case that Petitioner completed an unsuccessful PCR action in Greenville County on February 27, 1997 (eleven months before he filed his initial § 2254 petition), but that he failed to file an appeal from the dismissal of the PCR case and did not correct that problem prior to filing his second § 2254 petition in 2003.  As stated above, this failure to exhaust was the stated basis for the summary dismissal in Civil Action No. 6:03-490-JFA.

Petitioner's claims/grounds for relief remained dormant without any sort of pending state action relating to his conviction and sentence from 2003 for nearly six full years, until January 15, 2009, when he filed a "petition for writ of habeas corpus" in Greenville County Court of Common Pleas.  This appears to be the first time that Petitioner asserted "lack of subject matter jurisdiction" as a ground for relief from his conviction, and this is the only "new" ground asserted in the Petition in this case that was not raised in the previous two § 2254 petitions.  That state habeas corpus petition was dismissed in May 2009 because the state of South Carolina does not permit habeas corpus petitions, but rather requires collateral attacks on convictions to be raised through PCR. It does not appear that Petitioner filed any type of appeal from that dismissal, nor did he request permission from the Fourth Circuit Court of Appeals before filing this third § 2254 addressing his 1986 conviction and sentence.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case.  The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim*

2

v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). However, even under this less stringent standard, the Petition submitted in this case is subject to summary dismissal.

If a petition is frivolous or patently absurd on its face, entry of dismissal may be made on the court's own motion without the necessity of requiring a responsive pleading from the government. *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970). The issue of successiveness of a habeas petition may be raised by the court *sua sponte*. *Rodriguez v. Johnson*, 104 F.3d 694, 697 (5th Cir. 1997); *Anderson v. Bell*, No. 3:06-349, 2006 WL 2559524 (M.D. Tenn. June 15, 2006). Chapter 153 of Title 28 of the United States Code provides a statutory framework for federal post-conviction relief from judgments of conviction entered in federal and state courts. Under this framework, individuals convicted of crimes in state courts seek federal habeas corpus relief through 28 U.S.C. § 2254. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (footnote omitted). On April 24, 1996, the President of the United States signed

into law the AEDPA which, in part, amended Chapter 153. The AEDPA effected a number of substantial changes regarding the availability of federal post-conviction relief to individuals convicted of crimes in federal and state courts. Of particular importance here are the provisions of the AEDPA codifying and extending judicially constructed limits on the consideration of second and successive applications for collateral relief. *See Felker v. Turpin*, 518 U.S. 651, 657 (1996). Under the AEDPA, an individual may not file a second or successive § 2254 petition for a writ of habeas corpus (or the equivalent thereof) or a second or successive § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals. *See In re Vial*, 115 F.3d at 1194.[2] The "gatekeeping" mechanism created by the AEDPA added section 2244(3)(A) to provide:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

It is clear from the law applicable to dismissals with prejudice under Rule 41(b) that any § 2254 petition raising issues that were available at the time the conviction was entered and submitted after the first one was dismissed *with prejudice* in Civil Action No. 6:97-3739-JFA should be considered successive. It is well settled that a dismissal "with prejudice" under that rule operates – even in habeas corpus cases – as an adjudication on the merits. *See, e.g.*, Fed. R. Civ. P. 41(b)(unless otherwise specifically stated, dismissal for failure to prosecute is with

---

[2] Petitioner may be able to present a claim for the first time in a successive habeas petition where the claim relies on a new rule of constitutional law, *see* 28 U.S.C. § 2244(b)(2)(A), or, if the claim is based on newly discovered evidence, where the Petitioner can make a prima facie showing of both cause and prejudice within the meaning of § 2244(b)(2)(B)(i) and § 2244(b)(2)(B)(ii). *See Evans v. Smith*, 220 F.3d 306, 323 (4th Cir. 2000). Petitioner is advised that "[t]he grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." § 2244(b)(3)(E).

prejudice); *Heitman v. Mason & Hanger Servs.*, No. 97-2028, 1998 WL 911708 (4th Cir. Dec. 31, 1998); *see also Keenan v. Bennett*, 613 F. 2d 127, 128-29 (5th Cir. 1980); *Foster v. Jacquez*, No. CV 09-01406 JFW (SS), 2009 WL 1559586 (C.D. Cal. May 28, 2009). It is also well settled that habeas corpus petitions submitted subsequent to a dismissal of a previous petition with prejudice for lack of prosecution will be considered successive. *See Campbell v. Sec. Dep't of Corr.*, No. 09-11950, 2010 WL 815834, *2n. 2 (11th Cir. March 11, 2010); *Woodard v. DiGuglielmo*, No. Civ.A.05-1109, 2006 WL 293435, *3 (E.D. Pa. Feb. 3, 2006). It is unclear why successiveness was not used as a basis for the summary dismissal in Civil Action No. 6:03-490 since the dismissal with prejudice of the initial § 2254 petition had already occurred. However, the fact that successiveness was not used a basis for dismissal in that case does not preclude its application in this case, filed nearly seven years later, as the applicable law clearly authorizes. Moreover, successiveness is shown because all of the grounds asserted in this Petition (involuntary plea, double jeopardy, ineffective assistance of counsel, and lack of subject matter jurisdiction to receive plea[3]) *could* have been presented in the initial petition that was dismissed with prejudice. None of these grounds are "newly discovered" and all were available for Petitioner's use as far back as 1997 in the initial petition. Because the initial § 2254 was dismissed *with prejudice* and, thus, *on the merits*, and Petitioner did not appeal that dismissal, and because all grounds asserted in this Petition could have been raised in the initial petition, permission should have been received from the Fourth Circuit before this case was filed. Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file this Petition in the district court. Thus, this Court does not

---

[3]A decision on the issue of subject matter jurisdiction of the trial court to receive Petitioner's guilty plea requires proper consideration/application of state statutes. Thus, lack of subject matter jurisdiction as asserted in this case is not a proper ground for federal habeas corpus relief even if successiveness did not otherwise preclude its consideration that this Court. *Wright v. Angelone*, 151 F.3d 151, 156-58 (4th Cir. 1998)(jurisdiction of the trial court in a state court criminal matter is a non-cognizable state law issue).

5

have jurisdiction to consider it, and it is subject to summary dismissal without service on the Respondents. *See Romandine v. U. S.*, 206 F.3d 731, 734 (7th Cir. 2000); *U.S. v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Hernandez v. Campbell*, 204 F.3d 861, 866 (9th Cir. 2000); *U. S. v. Barrett*, 178 F.3d 34, 41 (1st Cir. 1999); *Lopez v. Douglas*, 141 F.3d 974, 975-76 (10th Cir. 1998); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088, 1089 (11th Cir. 1997).

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *with prejudice* and without issuance and service of process upon Respondent. *See Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

Petitioner's attention is directed to the important notice on the next page.

s/William M. Catoe  
United States Magistrate Judge

April 14, 2010  
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).